JOHN W. WAUGHOP, Appellant, *v.* WILLIAM H. CARTER *et al.,* Appellees.

APPEAL FROM COOK.

On a submission to arbitrators of all the claims of A, and B, upon C, for work, etc., done on certain buildings, for C, some of which work C, said was defectively done, it was competent for the arbitrators to admit A, and B, to prove that C, had not furnished certain materials within the time agreed upon by him, and that therefore the defect occurred.

THIS cause came into the Cook County Circuit Court at the October term, 1857, on a motion for a judgment on an award.

The agreement of submission was entered into by and between the parties on the 24th September, 1857.

The claims of said Carter & Miller, upon said Waughop, for payment of work and labor done, and, materials furnished, in and about the erection and completion of three dwelling houses built in the years 1855 and '56, in the city of Chicago, and all claims of said Waughop upon said Carter & Miller, for any alleged defects in the said work upon said houses, were submit-

ted to the arbitrament and award of Cornelius Price, Levi H. Waterhouse and Edward Burling; that their award, when made, should be entered of judgment in the said Circuit Court.

The submission was drawn in such a manner as to intend, by agreement, to exclude all reference to the subject of the damage claimed by the said Carter & Miller, for an alleged delay by said Waughop to furnish the cut stone, which was to be left for future adjustment.

The arbitrators found, as their award, that the said Waughop should pay the said Carter & Miller the amount of their claims in full, to wit, $742.79, in full satisfaction for contract and extra work of houses, in full for all differences submitted.

The award was filed, together with a notice to said Waughop, October 7th, 1857. At October term, 1857, a judgment was rendered on said award, for the amount thereof, to wit, $742.79, MANNIERE, Judge, presiding.

On the 31st of October, 1857, said Waughop, by leave, in his own proper person, filed his motion to set aside the judgment, for the following reasons assigned in said motion:

1st. Because the award of the arbitrators, in this cause filed, was made on matters and things not submitted to them, but expressly excluded from their consideration, by agreement, before entering into the arbitration.

2d. Because matters and things that were excluded, by agreement, from the arbitration, were, in bad faith, afterwards presented, and urged, and actually considered by the arbitrators in making up the award upon which this judgment was rendered.

3d. Because evidence was received and considered by the arbitrators, which had been excluded from the arbitration by express agreement.

4th. Because the award is, in fact, a fraud upon the rights of the defendant.

To support his motion, said Waughop produced affidavit of two of said arbitrators, Price and Burling, which state, "That in making the award in this case, they, as arbitrators, considered that the delay in furnishing the cut stone, by said Waughop, was the real cause of the damage to the work on the buildings of the said Waughop; that testimony to that effect was given by said Carter & Miller, and objected to by said Waughop."

The affidavit of the said Waughop, in support of his motion, states, that during the treaty of agreement, it was asserted that the delay of the cut stone on the work, which was to be furnished by said Waughop, would be set up as an excuse for the imperfections in the work, and that damage would be charged for the delay, equal to damage for imperfections in the work.

Said Waughop claimed damage to more than equal a balance

due on the contract, if work had been accepted by architects. The work was not accepted, but certificate refused by architects of said Waughop.

That said Waughop objected to going into the question of the delay in the cut stone, and the submission was redrawn, for the purpose of excluding all reference to the delay occasioned by the non-delivery of the cut stone, and the damage consequent thereupon, and expressly agreed that that subject should be excluded.

That the work was proven, before the arbitrators, to have been imperfectly done, and the architects refused their certificate, which was required by the contract before payment could be demanded.

That proof was given, before the arbitrators, that the damage to one of the buildings was such as to impair its value some $300, and that they were, all three, very much alike.

That witnesses on the subject of the delay in the cut stone were introduced and sworn, and testified on the subject before the said arbitrators.

That the said Carter & Miller still have their remedy for the delay in the cut stone.

The contract for the cut stone was such that it would exclude damage for delay in case of strike, or epidemic, and said Carter & Miller were aware of the clause.

That said Waughop was not prepared with proof on the subject of the cut stone, as that subject had been excluded.

That said Waughop set up no claim for delay in the completion of the work under the contract, but for bad work.

That the defects in the work done for said Waughop were not of a kind to be produced by any delay in the cut stone.

The effect of the proof before the arbitrators was such as to make a case of damage for failure to deliver cut stone, in shape of off-set.

Affidavit of said Wm. H. Carter states, that they had claim for balance due for extra work, and for damages for a failure to deliver the cut stone used in the erection of said houses.

That said Waughop claimed damages for defective work in said houses.

That all matters in controversy, in relation to said houses, were submitted to decision of arbitrators, except the claim of said Carter & Miller, for damages for said alleged failure to deliver said cut stone.

That said Waughop claimed that said Carter & Miller had not complied with the said contract, and were not entitled to recover under it, and also claimed damages for defective work upon said buildings.

That said Carter & Miller offered evidence to show that the said Waughop's failure to deliver the cut stone as he was required by said contract to deliver the same, had prevented the said Carter & Miller from complying with the said contract, and that the said Waughop's delay in delivering said stone was the cause of all the defects complained of by said Waughop, and for which he sought to recover damage in said arbitration.

That upon the hearing, his attorney stated that said Carter & Miller did not claim to recover, in said arbitration, any damages for failure or delay of Waughop in delivering said stone; but that the evidence in relation to the delivery of said stone was offered to show that the said Waughop prevented the said Carter & Miller from complying with said contract, and that the delay of said Waughop in furnishing said stone was the cause of the defects for which said Waughop sought to recover damages.

That testimony was offered showing, or tending to show, that by his delay in furnishing said cut stone, the said Waughop prevented said Carter & Miller from complying with said contract, and made it impossible for said Carter & Miller to complete said buildings before cold weather; that it was impossible to avoid the defects complained of by said Waughop, at that time, and that but for the acts of the said Waughop, the said work would have been done and completed before cold weather, and the contract would have been kept in each and every particular.

That the amount awarded was less than the amount claimed by them for work done under said contract, and for extra work and interest, and that nothing was allowed for damages from failure of said Waughop to deliver the said cut stone.

· That he is informed, and believes, that the said arbitrators considered the delay of said Waughop in furnishing said cut stone only so far as it might legally furnish an excuse to said Carter & Miller for non-compliance with the contract, and might be good defense against the claims of said Waughop for damages, by showing that the defects he complained of were the consequences of his own acts.

On a hearing, the motion was overruled, and an exception was taken, and appeal awarded.

JOHN W. WAUGHOP, *pro se.*

J. HOWLAND THOMPSON, for Appellees.

CATON, C. J. The submission in this case is, of " all claims of the said Carter & Miller upon said Waughop, for payment, for work and labor done, and materials furnished in and about the erection and completion of three dwelling houses built in the

years 1855 and 1856, for said Waughop, and situated on Washington street, in said city of Chicago, and all claims of said Waughop upon said Carter & Miller, for any alleged defects in said work upon said houses." Under this submission, Waughop proved that certain of the stone work was defectively done, for which he claimed damages. To rebut this, the arbitrators admitted the other parties to prove that Waughop had neglected to furnish the cut stone within the time he had agreed to do so, and that by reason thereof, the work complained of could not be done till it was so late that it was injured by the frost, which was the defect complained of, and that so Waughop himself was responsible for the defect. The objection to the award is, that the arbitrators admitted evidence of the delay in furnishing the cut stone. Admitting that by the submission the arbitrators had no jurisdiction to consider the question whether Carter & Miller were entitled to damages because Waughop had not furnished the cut stone at the time agreed, it seems to us that it was clearly competent to show that the defect in the work was attributable to this neglect of Waughop. It was as competent to show that Waughop was responsible for the defective work in this way, as it would have been to show that he had ordered the work to be done in a particular mode, and then complained that it was not well done ; or as to have shown that the defect was in consequence of the bad quality of the material furnished by him. For the purpose of answering the claim for damages for defective work, it was perfectly competent for the arbitrators to hear any competent proof to show that the fault complained of was justly attributable to Waughop himself. If the evidence was competent for one purpose and not for another, it was properly admitted, and the presumption is, that it was only considered for the legitimate purpose for which it was admissible. There is nothing upon the face of the award, nor is there any thing in the case, showing that the arbitrators allowed any thing for damages in consequence of the delay in delivering the cut stone.

The judgment must be affirmed.

*Judgment affirmed.*